QUESTION: Must the reasonable value of hunting privileges and the right to build and use a hunting camp on the land of another which are provided free to an elected public officer be reported by such officer under s. 111.011, F.S., as a contribution?
SUMMARY: The reasonable value of hunting privileges and the right to build and use a hunting camp on the land of another which are provided gratuitously to an elected public officer should be reported as a contribution under s. 111.011, F.S. The "contributions" which are required to be reported by s. 111.011, F.S., are defined in paragraph (1)(c) of the statute to include . . . any gift, donation, or payment of money the value of which is in excess of twenty-five dollars to any elected public officer or to any other person on his behalf. And I have previously concluded in AGO 074-167 and reiterated in AGO 075-82: In view of the apparent purpose of the statute — to compel disclosure of all gifts and donations which might tend to influence an elected public officer — I have no doubt that it includes all gifts and donations of a value in excess of twenty-five dollars, irrespective of their form. . . . (Emphasis supplied.) Accordingly, I am of the view that where hunting privileges and the right to build and use a hunting camp on the land of another are provided gratuitously to an elected public officer, the value of such privileges and use of land should be reported as a contribution under s. 111.011, F.S., when the value of such contribution exceeds $25. This opinion should not be construed as a ruling on the question of the propriety of accepting such a gift in light of the provisions of s. 112.313(1), F.S., as amended by Ch. 74-177, Laws of Florida, prohibiting the acceptance of a gift "that would cause a reasonably prudent person to be influenced in the discharge of official duties," which is a question you may wish to pose to the Commission on Ethics.